UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DIANNE CLAYTON AND JAMES CLAYTON, | ) ) ) |
| Plaintiffs. | ) ) |
| vs. | ) CASE NO. ) ) |
| SEAS THE DAY PROPERTIES, LLC | ) ) |
| Defendant | ) ) ) ) |

## NOTICE OF REMOVAL

Defendant Seas the Day Properties, LLC ("Defendant'), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-entitled action from the Court of Common Pleas for the Fifteenth Judicial Circuit, County of Horry, State of South Carolina to the United States District Court for the District of South Carolina, Florence Division.  As grounds for removal, Defendant states as follows:

1.       Complaint:  On or about February 8, 2021, Plaintiff Dianne Clayton and James Clayton ("Plaintiff") filed a civil action styled *Dianne Clayton and James Clayton v. Seas the Day Properties, LLC*, Case No. 2021-CP-26-00511 (the "Action").

2.       Pleadings and Process:  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders in this action collectively are attached hereto as **Exhibit A**.

3.       Timeliness: This removal is timely under 28 U.S.C. § 1446(b) because Defendant files this notice within thirty (30) days after the receipt by Plaintiff, through service, of a copy of the filed Complaint setting forth the claims for relief upon which this Action is based.  Defendant received a copy of the Complaint via certified mail on February 12, 2021.  A copy of the certified

mail receipt is attached hereto as **Exhibit B.**

4.     Basis for Removal: The basis for jurisdiction in this Court is diversity jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different states …."

5.     Diversity of Citizenship:  There is complete diversity between Plaintiff and Defendant. As alleged in Plaintiffs' Complaint, and upon information and belief, Defendant is a State of North Carolina limited liability company and Plaintiff is considered a citizen of South Carolina for purposes of diversity jurisdiction.

6.     Amount in Controversy Standard:  District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 where the parties are diverse. 28 U.S.C. §1332. The Fourth Circuit has held "[w]hen a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show ... what the stakes of litigation ... are given the plaintiff's actual demands.' " *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

7.     Amount in Controversy:  In this premises liability suit, while the Plaintiff's Complaint does not demand a specific amount of damages for Plaintiffs' alleged injuries, Plaintiffs' have made a demand for damages to Defendant in excess of $75,000.  As a result, Defendant believes that Plaintiffs will be claiming damages in excess of $75,000. Accordingly, this Action is removable to this Court as a matter of right pursuant to 28 U.S.C. § 1441(a) and (b).

8. <u>Notice Given</u>: Defendant will give written notice of the filing of this Notice of Removal to Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas for the 15th Judicial Circuit of South Carolina, as required by 28 U.S.C. § 1446(d).

9. <u>Payment of Costs</u>: Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

10. <u>Reservation of Defenses</u>: Because this Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, Defendant has not waived the right to assert any applicable defenses by removing this action from state court. Rule 12 of the Federal Rules of Civil Procedure provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion. *See* Fed. R. Civ. P. 12(b). Defendant did not file a responsive pleading or a motion asserting defenses in the state court action, but instead will respond or plead in a timely fashion pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, by this Notice of Removal, Defendant Seas the Day Properties, LLC hereby removes this Action from the Court of Common Pleas for the 15th Judicial Circuit of South Carolina, and requests that this Action proceed as properly removed to this Court.

Respectfully submitted,

/s/ Nickisha M. Woodward
Nickisha M. Woodward
Federal Bar No.: 11882
Turner Padget Graham & Laney, P.A.
Post Office Box 22129
Charleston, South Carolina 29413
Direct:       843-576-2805
Fax:          843-577-1627
nwoodward@turnerpadget.com

March 15, 2021                              **ATTORNEYS FOR DEFENDANT**