ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUIDICAL CIRCUIT |
| Dianne Clayton and James Clayton, | |
| Plaintiffs, | **SUMMONS** |
| vs. | **(Jury Trial Demanded)** |
| Seas the Day, LLC, | |
| Defendant. | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber at their office at 1395 South Church Street, Greenville, SC 29605 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

<div style="margin-left:40%">

**s/ Courtney C. Atkinson**
Courtney C. Atkinson, SC Bar# 71992
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
(864) 214-2319
(864) 214-3067 (fax)
*Attorneys for Plaintiff*

</div>

January 29, 2021
Greenville, South Carolina

EXHIBIT A

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUIDICAL CIRCUIT |

Dianne Clayton and James Clayton,

                  Plaintiffs

vs.

Seas the Day, LLC,

                  Defendant

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs, Dianne Clayton and James Clayton, complaining of the above-listed Defendant, would hereby allege and show unto this Honorable Court as follows:

## THE PARTIES

1.      Plaintiff Dianne Clayton (hereinafter "Mrs. Clayton") is a citizen and resident of Greenville County, South Carolina.

2.      Plaintiff James Clayton (hereinafter "Mr. Clayton") is a citizen and resident of Greenville County, South Carolina.

3.      Plaintiffs are married to one another and reside together in Greenville County, South Carolina.

4.      Upon information and belief, Defendant is a limited liability company organized under the laws of the State of South Carolina.

5.      Upon information and belief, Defendant owns a piece of real property in Horry County, South Carolina that Defendant rents for compensation.

6.      Some or all of the unlawful acts being complained of in this action, for which relief is sought against the Defendant, were committed in Horry County, South Carolina.

7.      Plaintiff suffered injuries in Horry County, South Carolina at a piece of real

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

property owned by the Defendant as a result of the unlawful acts alleged herein.

8.    Jurisdiction and venue before this Court is proper.

## FACTUAL ALLEGATIONS

9.    Plaintiffs, both in their seventies, and their family rented a piece of real property that is owned by Defendant and located in Myrtle Beach, South Carolina (hereinafter the "Rental House") for a family vacation in or around June of 2018.  Plaintiffs and/or their family members had paid to rent the Rental House for one week.

10.    On June 16, 2018, the day their rental of the Rental House expired, Plaintiffs and their family were packing up their belongings and preparing to leave the Rental House, at which time Mrs. Clayton walked out of the Rental House to hand some towels to her son and/or daughter, who were loading the family's bags and other items into their car.

11.    When walking back into the Rental House to retrieve more items to be loaded into the car, Mrs. Clayton stepped onto a mat located right outside of the Rental House's kitchen. Upon information and belief, it had rained the night before and the mat, which had been placed right outside of the Rental House's kitchen was soaked through with standing water.  The mat was not water resistant, was very thick, and, apparently, held a large amount of standing water.

12.    Immediately upon stepping into the Rental House's kitchen, Mrs. Clayton, who was wearing rubber soled tennis shoes, immediately slipped on the tiled floor and fell into the stairs leading up to the Rental House's second floor.  In falling into the wooden stairs, Mrs. Clayton struck her chest, face and elbows on the stairs, suffering breaks in her elbow and other injuries as a result.  Upon information and belief, this incident was the direct and proximate result of water soaked into the mat that Defendant and/or its agents had placed right outside of the kitchen, which had slippery tile floors.

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

13.     Immediately after being helped off of the floor, Mrs. Clayton was then transported to an urgent care treatment center, where she was treated for injuries and had her arm placed into a hard cast before being released to travel home to Greenville, South Carolina from Horry County.   At the time of her release, Mrs. Clayton was advised to seek treatment with an orthopedist upon arriving home in Greenville County.

14.     The following day, and after arriving home in Greenville County, Mrs. Clayton was seen by an orthopedist, who confirmed Mrs. Clayton's injuries, and then various other doctors who have sought to treat her injuries and resulting pain.

15.     Thereafter, Mrs. Clayton required various medical treatments, including, but not limited to, surgery, physical therapy, nerve blocks, and had undergone various medical evaluations, including, but not limited to x-rays, MRIs and nerve conduct studies.   Her injuries all of which were extremely painful have also required Mrs. Clayton to take various medications for her ongoing pain.

16.     Since June 16, 2018, and as a direct result of the injuries she sustained at the Rental Home owned by Defendant, Mrs. Clayton has suffered from severe and chronic pain in her arm, hand, elbow, neck, and shoulders.   Mrs. Clayton now also suffers from arthritis and limited mobility of her affected extremity.   She now suffers from daily pain and stiffness and expects to suffer from those issues for the rest of life.   The chronic pain has also resulted in related mental pain and suffering by Mrs. Clayton.

17.     As a direct result of Mrs. Clayton's injuries and resulting chronic pain, all arising out of the incident that happened at the Defendant's Rental House on June 16, 2018,  Plaintiff has suffered from a severely diminished quality of life and has been unable to perform all daily tasks and other activities she enjoyed prior to the incident, including cooking, washing her hair,

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

taking care of her home, and taking care of and providing various marital services to Mr. Clayton.  She has required significant care from her family members and has not been able to live as independent as she did prior to the incident on June 16, 2018.  She has also been forced to spend a significant amount of her time over the past few years either in her house or going between appointments to various doctors and therapists.

18.    The injuries and related symptoms that Mrs. Clayton suffered at Defendant's Rental House on June 16, 2018 have negatively and directly impacted her ability to perform certain duties in regard to her marriage, including providing companionship, aid, society and services to her husband, as well as performing various marital tasks that she has previously provided.  In turn, Mr. Clayton has been deprived of these services from his wife as a direct and proximate result of the injuries Mrs. Clayton suffered at the Defendant's Rental House as a result of the absorbent and soaking wet mat that was placed just outside of the Rental House's kitchen, a situation Defendant knew or should known created an unreasonable risk of harm right next to the Rental House's slippery tiled floor.

### FOR A FIRST CAUSE OF ACTION
#### (Premises Liability)

19.    Plaintiffs incorporate by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

20.    Mrs. Clayton was an invitee of the Defendant, who derived direct financial benefits from Plaintiffs and their family being in the Rental House and, therefore, the Defendant owed Mrs. Clayton and her family a duty to:

      a.     Keep the premises reasonably safe;

      b.     Exercise reasonable and ordinary care for her safety;

      c.     Discover risks;

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

    d.      Anticipate potential risks;

    e.      Investigate known or potential risks;

    f.      Not create any known or potential safety risks;

    g.      Disclose to Plaintiff any latent defects or safety risks existing on the property; and

    h.      Take safety precautions to warn of or eliminate unreasonable risks within the area of invitation on the premises.

21.    The mat placed outside of the Rental House's kitchen posed a safety risk, individually and in combination with being placed just next to a slippery tile floor, because it was not water resistant and was placed in a location where Defendant knew or should have known that it would become soaking wet and posed a safety risk for anyone stepping on the mat and then onto the slippery kitchen floor.

22.    Defendant owed Mrs. Clayton the duty to warn about or remove the safety risk as it was foreseeable that an invitee, like Mrs. Clayton, would encounter the hazardous condition in the event of rain.

23.    Defendant, by and through its agents, servants, and/or employees, and in the course of their business, were willful, wanton, reckless, grossly negligent, negligent, and careless, and thereby breached a duty owed to Mrs. Clayton in the following particulars;

    a.      In failing to properly maintain the premises;

    b.      In failing to adequately inspect the premises for hazardous conditions;

    c.      In failing to warn invitees such as Mrs. Clayton of the afore-mentioned dangerous condition;

    d.      In failing to remedy the defective condition or safety hazard of which Defendant was aware prior to Mrs. Clayton's injury; and

    e.      In failing to act as reasonable and prudent owner(s) and/or operator(s) of rental property would have acted under the circumstances then and there

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

existing.

24.     Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Mrs. Clayton and said acts of commission and/or omissions were in violation of the law of the State of South Carolina.

25.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, as is set forth more fully above, Mrs. Clayton has been damaged and injured in the following respects:

      a.     Mrs. Clayton has suffered physical injuries that will cause her pain and other limitations for the remainder of her life;

      b.     Mrs. Clayton has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

      c.     Upon information and belief, the nature of Mrs. Clayton's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future;

      d.     The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being; and

      e.     The pain of her injuries, including ongoing daily pain and stiffness, have prevented and will continue to severely limit her daily life activities.

26.     Defendant's acts and omissions, as set forth more fully above, show willful misconduct, malice, wantonness, and an entire want of care, raising a presumption of the Defendant's conscious indifference to the consequences of such acts and/or omissions.

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

27.     Because of the Defendant's acts and omissions and the proximate harm resulting to Mrs. Clayton, Mrs. Clayton should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendant and to deter the Defendant and others from similar behavior.

28.     That upon information and belief, Mrs. Clayton is entitled to judgment against the Defendant for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth here in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney fees to which she may be entitled to be determined by a jury.

### FOR A SECOND CAUSE OF ACTION
**(Negligence/Gross Negligence/Recklessness)**

29.     Plaintiffs incorporate by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

30.     In renting the Rental House to Plaintiffs and their family for financial gain, Defendant owed Plaintiffs and other invitees a duty of care not to create any unsafe conditions, to remedy any known, whether actual or constructive, safety hazards and/or conditions, and to warn of any known, whether actual or constructive, safety hazards present at the Defendant's Rental House.

31.     Defendant, by and through its agents, servants, and/or employees, and in the course of their business, were willful, wanton, reckless, grossly negligent, negligent, and careless, and thereby breached a duty owed to Mrs. Clayton in the following particulars;

a.      In failing to properly maintain the premises;

b.      In failing to adequately inspect the premises for hazardous conditions;

c.      In failing to warn invitees such as Mrs. Clayton of the afore-mentioned dangerous condition;

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

d.      In failing to remedy the defective condition or safety hazard of which Defendant was aware prior to Mrs. Clayton's injury; and

e.      In failing to act as reasonable and prudent owner(s) and/or operator(s) of rental property would have acted under the circumstances then and there existing.

32.     Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Mrs. Clayton and said acts of commission and/or omissions were in violation of the law of the State of South Carolina.

33.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, as is set forth more fully above, Mrs. Clayton has been damaged and injured in the following respects:

a.      Mrs. Clayton has suffered physical injuries that will cause her pain and other limitations for the remainder of her life;

b.      Mrs. Clayton has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

c.      Upon information and belief, the nature of Mrs. Clayton's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future;

d.      The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being; and

e.      The pain of her injuries, including ongoing daily pain and stiffness, have prevented and will continue to severely limit her daily life activities.

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

34.     As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff suffered gross injuries to her person, including a concussion, injury to her joints and extremities, exacerbation of existing medical issues and severe mental and psychological damages.

35.     As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff endured and continues to this day to endure significant pain and suffering and loss of enjoyment of life.

36.     As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff has suffered permanent injuries and worsening of underlying medical conditions.

37.     As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff has suffered severe financial damages, including, but not limited to, medical bills.

38.     As a direct and proximate result of Defendant's breaches and the resultant injuries and damages to Plaintiff, Plaintiff is entitled to an award of actual and punitive damages from Defendant, as well as an award of whatever costs, interest, and attorney fees to which she may be entitled to be determined by a jury.

### FOR A THIRD CAUSE OF ACTION
**(Loss of Consortium)**

39.     Plaintiffs incorporate by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

40.     As a direct and proximate result of the negligent, grossly negligent, careless, and reckless acts and omissions of Defendant, as alleged herein, Mrs. Clayton has suffered severe injuries and ongoing chronic pain, stiffness and lack of mobility that have negatively and

ELECTRONICALLY FILED - 2021 Jan 29 12:42 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

directly impacted her ability to perform certain and various duties she previously provided in regard to her marriage, including providing companionship, aid, society and services to her husband.

41.     As a direct and proximate result of Mrs. Clayton's injuries and ongoing chronic pain, stiffness and lack of mobility, which resulted from the negligent and/or grossly negligent conduct of Defendant as outlined above, Mr. Clayton has been deprived of the above-noted services from his wife.

42.     As a result of being deprived of those services from his wife, Mrs. Clayton, Mr. Clayton has suffered and will continue to suffer the loss of the society, companionship, comfort, support, and affection of his wife, along with other damages, and is entitled to an award of actual and consequential damages against Defendant.

WHEREFORE, having alleged the above-referenced matters and pled the above-referenced action, Plaintiffs respectfully requests a jury trial on each and every one of their claims and also prays for entry of judgment in an amount to be determined at trial, including all damages set forth above and for all such other and further relief as the Court may deem just and proper.

s/ Courtney C. Atkinson
Courtney C. Atkinson, SC Bar # 71992
Metcalfe & Atkinson, LLC
1395 S. Church Street
Greenville, SC 29605
Telephone (864) 214-2319
Facsimile  (864) 214-3067
*Attorney for Plaintiffs*

January 29, 2021
Greenville, South Carolina

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUIDICAL CIRCUIT |
| Dianne Clayton and James Clayton, | |
| Plaintiffs, | **AMENDED SUMMONS** |
| vs. | **(Jury Trial Demanded)** |
| Seas the Day Properties, LLC, | |
| Defendant. | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber at their office at 1395 South Church Street, Greenville, SC 29605 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/ **Courtney C. Atkinson**
Courtney C. Atkinson, SC Bar# 71992
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
(864) 214-2319
(864) 214-3067 (fax)
*Attorneys for Plaintiff*

February 8, 2021
Greenville, South Carolina

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Dianne Clayton and James Clayton,

                Plaintiffs

vs.

Seas the Day Properties, LLC,

                Defendant

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUIDICAL CIRCUIT

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs, Dianne Clayton and James Clayton, complaining of the above-listed Defendant, would hereby allege and show unto this Honorable Court as follows:

## THE PARTIES

1.     Plaintiff Dianne Clayton (hereinafter "Mrs. Clayton") is a citizen and resident of Greenville County, South Carolina.

2.     Plaintiff James Clayton (hereinafter "Mr. Clayton") is a citizen and resident of Greenville County, South Carolina.

3.     Plaintiffs are married to one another and reside together in Greenville County, South Carolina.

4.     Upon information and belief, Defendant Seas the Day Properties, LLC is a limited liability company organized under the laws of the State of North Carolina.

5.     Upon information and belief, Defendant owns a piece of real property in Horry County, South Carolina that Defendant rents for compensation.

6.     Some or all of the unlawful acts being complained of in this action, for which relief is sought against the Defendant, were committed in Horry County, South Carolina.

7.     Plaintiff suffered injuries in Horry County, South Carolina at a piece of real

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

property owned by the Defendant as a result of the unlawful acts alleged herein.

8.     Jurisdiction and venue before this Court is proper.

## FACTUAL ALLEGATIONS

9.     Plaintiffs, both in their seventies, and their family rented a piece of real property that is owned by Defendant and located in Myrtle Beach, South Carolina (hereinafter the "Rental House") for a family vacation in or around June of 2018.  Plaintiffs and/or their family members had paid to rent the Rental House for one week.

10.    On June 16, 2018, the day their rental of the Rental House expired, Plaintiffs and their family were packing up their belongings and preparing to leave the Rental House, at which time Mrs. Clayton walked out of the Rental House to hand some towels to her son and/or daughter, who were loading the family's bags and other items into their car.

11.    When walking back into the Rental House to retrieve more items to be loaded into the car, Mrs. Clayton stepped onto a mat located right outside of the Rental House's kitchen. Upon information and belief, it had rained the night before and the mat, which had been placed right outside of the Rental House's kitchen was soaked through with standing water.  The mat was not water resistant, was very thick, and, apparently, held a large amount of standing water.

12.    Immediately upon stepping into the Rental House's kitchen, Mrs. Clayton, who was wearing rubber soled tennis shoes, immediately slipped on the tiled floor and fell into the stairs leading up to the Rental House's second floor.  In falling into the wooden stairs, Mrs. Clayton struck her chest, face and elbows on the stairs, suffering breaks in her elbow and other injuries as a result.  Upon information and belief, this incident was the direct and proximate result of water soaked into the mat that Defendant and/or its agents had placed right outside of the kitchen, which had slippery tile floors.

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

13.     Immediately after being helped off of the floor, Mrs. Clayton was then transported to an urgent care treatment center, where she was treated for injuries and had her arm placed into a hard cast before being released to travel home to Greenville, South Carolina from Horry County.   At the time of her release, Mrs. Clayton was advised to seek treatment with an orthopedist upon arriving home in Greenville County.

14.     The following day, and after arriving home in Greenville County, Mrs. Clayton was seen by an orthopedist, who confirmed Mrs. Clayton's injuries, and then various other doctors who have sought to treat her injuries and resulting pain.

15.     Thereafter, Mrs. Clayton required various medical treatments, including, but not limited to, surgery, physical therapy, nerve blocks, and had undergone various medical evaluations, including, but not limited to x-rays, MRIs and nerve conduct studies.   Her injuries all of which were extremely painful have also required Mrs. Clayton to take various medications for her ongoing pain.

16.     Since June 16, 2018, and as a direct result of the injuries she sustained at the Rental Home owned by Defendant, Mrs. Clayton has suffered from severe and chronic pain in her arm, hand, elbow, neck, and shoulders.   Mrs. Clayton now also suffers from arthritis and limited mobility of her affected extremity.   She now suffers from daily pain and stiffness and expects to suffer from those issues for the rest of life.   The chronic pain has also resulted in related mental pain and suffering by Mrs. Clayton.

17.     As a direct result of Mrs. Clayton's injuries and resulting chronic pain, all arising out of the incident that happened at the Defendant's Rental House on June 16, 2018,  Plaintiff has suffered from a severely diminished quality of life and has been unable to perform all daily tasks and other activities she enjoyed prior to the incident, including cooking, washing her hair,

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

taking care of her home, and taking care of and providing various marital services to Mr. Clayton. She has required significant care from her family members and has not been able to live as independent as she did prior to the incident on June 16, 2018. She has also been forced to spend a significant amount of her time over the past few years either in her house or going between appointments to various doctors and therapists.

18.     The injuries and related symptoms that Mrs. Clayton suffered at Defendant's Rental House on June 16, 2018 have negatively and directly impacted her ability to perform certain duties in regard to her marriage, including providing companionship, aid, society and services to her husband, as well as performing various marital tasks that she has previously provided. In turn, Mr. Clayton has been deprived of these services from his wife as a direct and proximate result of the injuries Mrs. Clayton suffered at the Defendant's Rental House as a result of the absorbent and soaking wet mat that was placed just outside of the Rental House's kitchen, a situation Defendant knew or should known created an unreasonable risk of harm right next to the Rental House's slippery tiled floor.

## FOR A FIRST CAUSE OF ACTION
### (Premises Liability)

19.     Plaintiffs incorporate by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

20.     Mrs. Clayton was an invitee of the Defendant, who derived direct financial benefits from Plaintiffs and their family being in the Rental House and, therefore, the Defendant owed Mrs. Clayton and her family a duty to:

      a.     Keep the premises reasonably safe;

      b.     Exercise reasonable and ordinary care for her safety;

      c.     Discover risks;

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

d.      Anticipate potential risks;

e.      Investigate known or potential risks;

f.      Not create any known or potential safety risks;

g.      Disclose to Plaintiff any latent defects or safety risks existing on the property; and

h.      Take safety precautions to warn of or eliminate unreasonable risks within the area of invitation on the premises.

21.      The mat placed outside of the Rental House's kitchen posed a safety risk, individually and in combination with being placed just next to a slippery tile floor, because it was not water resistant and was placed in a location where Defendant knew or should have known that it would become soaking wet and posed a safety risk for anyone stepping on the mat and then onto the slippery kitchen floor.

22.      Defendant owed Mrs. Clayton the duty to warn about or remove the safety risk as it was foreseeable that an invitee, like Mrs. Clayton, would encounter the hazardous condition in the event of rain.

23.      Defendant, by and through its agents, servants, and/or employees, and in the course of their business, were willful, wanton, reckless, grossly negligent, negligent, and careless, and thereby breached a duty owed to Mrs. Clayton in the following particulars;

a.      In failing to properly maintain the premises;

b.      In failing to adequately inspect the premises for hazardous conditions;

c.      In failing to warn invitees such as Mrs. Clayton of the afore-mentioned dangerous condition;

d.      In failing to remedy the defective condition or safety hazard of which Defendant was aware prior to Mrs. Clayton's injury; and

e.      In failing to act as reasonable and prudent owner(s) and/or operator(s) of rental property would have acted under the circumstances then and there

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

existing.

24.    Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Mrs. Clayton and said acts of commission and/or omissions were in violation of the law of the State of South Carolina.

25.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, as is set forth more fully above, Mrs. Clayton has been damaged and injured in the following respects:

    a.    Mrs. Clayton has suffered physical injuries that will cause her pain and other limitations for the remainder of her life;

    b.    Mrs. Clayton has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

    c.    Upon information and belief, the nature of Mrs. Clayton's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future;

    d.    The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being; and

    e.    The pain of her injuries, including ongoing daily pain and stiffness, have prevented and will continue to severely limit her daily life activities.

26.    Defendant's acts and omissions, as set forth more fully above, show willful misconduct, malice, wantonness, and an entire want of care, raising a presumption of the Defendant's conscious indifference to the consequences of such acts and/or omissions.

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

27.    Because of the Defendant's acts and omissions and the proximate harm resulting to Mrs. Clayton, Mrs. Clayton should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendant and to deter the Defendant and others from similar behavior.

28.    That upon information and belief, Mrs. Clayton is entitled to judgment against the Defendant for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth here in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney fees to which she may be entitled to be determined by a jury.

## FOR A SECOND CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness)

29.    Plaintiffs incorporate by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

30.    In renting the Rental House to Plaintiffs and their family for financial gain, Defendant owed Plaintiffs and other invitees a duty of care not to create any unsafe conditions, to remedy any known, whether actual or constructive, safety hazards and/or conditions, and to warn of any known, whether actual or constructive, safety hazards present at the Defendant's Rental House.

31.    Defendant, by and through its agents, servants, and/or employees, and in the course of their business, were willful, wanton, reckless, grossly negligent, negligent, and careless, and thereby breached a duty owed to Mrs. Clayton in the following particulars;

      a.    In failing to properly maintain the premises;

      b.    In failing to adequately inspect the premises for hazardous conditions;

      c.    In failing to warn invitees such as Mrs. Clayton of the afore-mentioned dangerous condition;

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE #2021CP2600511

     d.     In failing to remedy the defective condition or safety hazard of which Defendant was aware prior to Mrs. Clayton's injury; and

     e.     In failing to act as reasonable and prudent owner(s) and/or operator(s) of rental property would have acted under the circumstances then and there existing.

32.     Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Mrs. Clayton and said acts of commission and/or omissions were in violation of the law of the State of South Carolina.

33.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, as is set forth more fully above, Mrs. Clayton has been damaged and injured in the following respects:

     a.     Mrs. Clayton has suffered physical injuries that will cause her pain and other limitations for the remainder of her life;

     b.     Mrs. Clayton has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

     c.     Upon information and belief, the nature of Mrs. Clayton's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future;

     d.     The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being; and

     e.     The pain of her injuries, including ongoing daily pain and stiffness, have prevented and will continue to severely limit her daily life activities.

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

34.    As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff suffered gross injuries to her person, including a concussion, injury to her joints and extremities, exacerbation of existing medical issues and severe mental and psychological damages.

35.    As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff endured and continues to this day to endure significant pain and suffering and loss of enjoyment of life.

36.    As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff has suffered permanent injuries and worsening of underlying medical conditions.

37.    As a direct and proximate result of the careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts of Defendant, Plaintiff has suffered severe financial damages, including, but not limited to, medical bills.

38.    As a direct and proximate result of Defendant's breaches and the resultant injuries and damages to Plaintiff, Plaintiff is entitled to an award of actual and punitive damages from Defendant, as well as an award of whatever costs, interest, and attorney fees to which she may be entitled to be determined by a jury.

### FOR A THIRD CAUSE OF ACTION
**(Loss of Consortium)**

39.    Plaintiffs incorporate by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

40.    As a direct and proximate result of the negligent, grossly negligent, careless, and reckless acts and omissions of Defendant, as alleged herein, Mrs. Clayton has suffered severe injuries and ongoing chronic pain, stiffness and lack of mobility that have negatively and

ELECTRONICALLY FILED - 2021 Feb 08 4:13 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

directly impacted her ability to perform certain and various duties she previously provided in regard to her marriage, including providing companionship, aid, society and services to her husband.

41.     As a direct and proximate result of Mrs. Clayton's injuries and ongoing chronic pain, stiffness and lack of mobility, which resulted from the negligent and/or grossly negligent conduct of Defendant as outlined above, Mr. Clayton has been deprived of the above-noted services from his wife.

42.     As a result of being deprived of those services from his wife, Mrs. Clayton, Mr. Clayton has suffered and will continue to suffer the loss of the society, companionship, comfort, support, and affection of his wife, along with other damages, and is entitled to an award of actual and consequential damages against Defendant.

WHEREFORE, having alleged the above-referenced matters and pled the above-referenced action, Plaintiffs respectfully requests a jury trial on each and every one of their claims and also prays for entry of judgment in an amount to be determined at trial, including all damages set forth above and for all such other and further relief as the Court may deem just and proper.

<div style="margin-left: 40%">

s/ Courtney C. Atkinson
Courtney C. Atkinson, SC Bar # 71992
Metcalfe & Atkinson, LLC
1395 S. Church Street
Greenville, SC 29605
Telephone (864) 214-2319
Facsimile  (864) 214-3067
*Attorney for Plaintiffs*

</div>

February 8, 2021
Greenville, South Carolina

ELECTRONICALLY FILED - 2021 Feb 22 10:40 AM - HORRY - COMMON PLEAS - CASE#2021CP2600511

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Dianne Clayton and James Clayton,

        Plaintiffs,

    vs.

Seas the Day Properties, LLC,

        Defendant.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT


Case No.:  2021-CP-26-00511


**AFFIDAVIT OF SERVICE**


I, Estefania Zapata, Paralegal at Metcalfe & Atkinson, LLC, being first duly sworn, state as follows:

1.     I am over the age of eighteen and competent to testify in this matter.

2.     I served a copy of the Summons and Complaint upon Defendant, Seas the Day Properties, LLC, via its registered agent, by certified mail, restricted delivery, return receipt requested, which receipt was delivered on February 12, 2021.  A copy of the Certified Mailer is attached hereto as Exhibit A.


Estefania Zapata
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
(864) 214-2319  Telephone
(864) 214-3067  Facsimile


SWORN AND SUBCRIBED to
Before me this 22 day of February, 2021

Notary Public for South Carolina
My Commission Expires: 3/22/2n

# EXHIBIT A

ELECTRONICALLY FILED - 2021 Feb 22 10:40 AM - HORRY - COMMON PLEAS - CASE#2021CP2600511

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sandra Rinehart
PO Box 1013
Enka, NC 28728

9590 9402 6367 0296 3713 74

2. Article Number (Transfer from service label)

7020 3160 0001 4485 7510

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Gerald Rinehart    2-19-21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
● Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2021 Jan 29 10:40AM - HORRY - COMMON PLEAS - CASE#2021CP2600511

ELECTRONICALLY FILED - 2021 Mar 10 12:32 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Dianne Clayton and James Clayton,

        Plaintiffs,

vs.

Seas the Day Properties, LLC,

        Defendant.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Case No.:  2021-CP-26-00511

**ORDER OF PROTECTION FROM
COURT APPEARANCES**

The above-captioned matter is pending before the Court and Counsel for the Plaintiffs, Courtney C. Atkinson, has respectfully requested protection in this action for May 5, 2021 through May 17, 2021, during which time counsel is scheduled to be traveling out of state. Counsel for the Plaintiffs has indicated to the Court that she is not aware of any hearings or other proceedings currently scheduled in this matter for the period of time for which protection is sought.  The above-captioned action is the only matter that counsel for the Plaintiffs currently has pending in Circuit Court in Horry County.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED**, that Counsel for Plaintiffs has protection from court appearances on dates above-referenced.

**GIVEN** under my hand and the Seal of this Court this _____ day of March, 2021.

_____
Benjamin H. Culbertson
Circuit Court Judge
Fifteenth Judicial Circuit

ELECTRONICALLY FILED - 2021 Mar 10 12:32 PM - HORRY - COMMON PLEAS - CASE#2021CP2600511



Horry Common Pleas

**Case Caption:**   Dianne  Clayton , plaintiff, et al VS   Seas The Day Properties LLC , defendant, et al

**Case Number:**   2021CP2600511

**Type:**   Order/Protection from Court Appearance

Chief Administrative Judge
Court of Common Pleas, 15th Judicial Circuit
s/Benjamin H. Culbertson, Judge Code 2148

Electronically signed on 2021-03-10 11:38:14    page 2 of 2